JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Raymond Byers
65 Decatur Avenue
Middlesex, NJ 08846

### DEFENDANTS
New Jersey Transit Rail Operations, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert E. Myers, Esquire
Coffey Kaye Myers & Olley
333 E. City Avenue, Suite 718, Bala Cynwyd, PA 19004

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Employers' Liability Act, 45 U.S.C §51 et seq.
Brief description of cause:
Plaintiff sustained personal injuries during his employment with New Jersey Transit on February 10, 2017

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/24/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND BYERS | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO.: |
| v. | : |
| | : JURY TRIAL DEMANDED |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. | : |
| Defendant, | : |

## CIVIL ACTION COMPLAINT

1. The plaintiff herein is Raymond Byers, a citizen and resident of the State of New Jersey, residing therein at 65 Decatur Avenue, Middlesex, New Jersey 08846.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. All of the averments set forth in the foregoing paragraphs are incorporated as though set forth therein at length herein.

7. On or about Friday, February 10, 2017 at approximately 9:45 p.m., and for some time prior thereto, plaintiff was employed as a passenger conductor by the defendant New Jersey Transit Rail Operations, Inc. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

8. All of the property, equipment and operations involved in the subject incident referred to herein were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. On the aforementioned date and at the aforementioned time, plaintiff was working as a conductor working assignment NY27 in the area of track number 17 in Sunnyside Yard, Queens, New York.

10. On that date and at that time, plaintiff was in the process of returning to his train when he was caused to slip and fall on an ice covered surface while attempting to place chocks between the wheels and the rail on train number 3274 which had eight bi-level cars. Plaintiff fell forward onto his hands and knees, sustaining the serious injuries described below.

11. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees and in violation of the Federal Employers' Liability Act, and was not caused by any conduct on the part of the plaintiff.

12. As a result of the accident referred to herein, plaintiff suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future, has undergone great physical pain and anguish and may undergo the same for an indefinite time in the future, has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries and has been unable to attend to his usual duties and occupation

and may be unable to attend to the same in the future, all to his great detriment and loss.

  13.  The negligence of the defendant consists of the following:

    (a)  Failing to properly remove ice and snow from the railyard and the area adjacent to track number 17;

    (b)  Failing to warn the plaintiff of the dangerous condition of existing snow and ice at or near the subject train on track number 17 of the subject yard;

    (c)  Failing to place salt, calcium pellets or other materials in the railyard and in the area adjacent to track number 17 so as to prevent the accumulation of ice and snow;

    (d)  Failing to warn the plaintiff of the dangerous condition of the ice-covered area of the yard adjacent to track number 17;

    (e)  Failing to comply with the defendant's own internal rules, regulations and protocol for the safe removal and treatment of snow and ice in its railroad yards where it required plaintiff to work;

    (f)  Failing to provide sufficient personnel to make sure that the snow and ice was properly removed from the subject area;

    (g)  Failing to comply with all applicable Federal Railroad Administration regulations pertaining to the safe removal of snow and ice and removal of all slipping and tripping hazards from railroad yards;

    (h)  Failing to comply with all applicable OSHA regulations;

    (i)  Failing to provide adequate, proper and necessary equipment to eliminate the dangerous conditions caused by and/or related to ice and snow, and/or the accumulation of ice and snow, at the accident site; and

    (j)  Failing to warn plaintiff of the above.

14. As a result of the aforesaid accident, plaintiff sustained injuries to his body including, but not limited to, internal derangement of the right knee, meniscus injury to the right knee, subluxation of and chondromalacia of the patella and traumatic synovitis of the right knee requiring surgical repair. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff demands judgment against the defendant for a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

BY: *[signature: Robert E. Myers]*
ROBERT E. MYERS, ESQUIRE
LAWRENCE A. KATZ, ESQUIRE
Attorneys for Plaintiff
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800

4